# United States Court of Appeals

## For the First Circuit

No. 02-1274

UNITED STATES OF AMERICA,

Appellee,

v.

PERCIO REYNOSO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Selya, Circuit Judge,
Cyr, Senior Circuit Judge,
and Lynch, Circuit Judge.

Joshua L. Gordon for appellant.
Thomas M. Gannon, Attorney, United States Department of Justice, with whom Margaret E. Curran, United States Attorney, and Kenneth P. Madden, Assistant United States Attorney, were on brief for appellee.

July 17, 2003

**CYR, Senior Circuit Judge**.  Percio Reynoso appeals from a judgment of conviction and sentence imposed under 21 U.S.C. §§ 841(a)(1) & 846.  The evidence introduced at trial established that Reynoso and Benjamin Valera conspired to distribute cocaine at Valera's store in Providence, Rhode Island, and were arrested there on March 29, 2001, immediately following a drug sale to a confidential informant for the Drug Enforcement Administration (DEA).  In due course Reynoso was indicted for conspiring to distribute, and distributing, a controlled substance.  See 21 U.S.C. §§ 841(a)(1), 846.  Following trial, the jury returned guilty verdicts against Reynoso on each count, and the district court imposed a 109-month term of imprisonment.  Reynoso now appeals.  We affirm.

## A.  The Speedy Trial Act

Reynoso first contends that he was brought to trial more than seventy days after his indictment, in violation of the Speedy Trial Act (STA), 18 U.S.C. §§ 3161(c)(1), 3161(h), 3162(a)(2).  Conclusions of law under the STA are reviewed de novo; findings of fact for clear error only.  United States v. Scott, 270 F.3d 30, 55 (1st Cir. 2001), cert. denied, 535 U.S. 1007 (2002).  We discern no error.

Although Reynoso asserts that seventy-one days were non-excludable under the STA, the instant appeal must fail if any one

of the seventy-one days is determined excludable under the STA. We now turn to that analysis.

On August 1, 2001, the STA clock was tolled upon the empanelment of the trial jury. See United States v. Rodriguez, 63 F.3d 1159, 1164 (1st Cir. 1995). Prior to the time the jury was sworn, however, Valera entered into an agreement to cooperate with the government, and the government submitted a superseding indictment which added a conspiracy count against Reynoso. Thereafter, the district court dismissed the initial jury and scheduled a second jury empanelment for September 11, 2001.[1] Of course, the period from August 1 to August 15 — the date of the superseding indictment — is excludable, in that the August 1 jury empanelment tolled the STA and there is no record evidence whatsoever that the government sought the initial jury empanelment as a pretext for delaying the trial. See id.[2]

---

[1]Even assuming that the August delay was nonexcludable, Reynoso has advanced no argument on appeal as to why at least one day of the eighteen-day delay in empaneling the second jury, which occurred after the unprecedented terrorist attacks of September 11, 2001, would not have been fairly excludable under the STA's "ends of justice" exclusion. See 18 U.S.C. § 3161(h)(8)(A); United States v. Barnes, 251 F.3d 251, 256 (1st Cir. 2001) (reviewing § 3161(h)(8)(A) determinations for abuse of discretion only).

[2]Absent any evidence of governmental misconduct, we likewise reject the claim that the trial delay violated Reynoso's due process rights. See, e.g., United States v. Stokes, 124 F.3d 39, 47 (1st Cir. 1997).

**B.    The Motion to Suppress**

Reynoso next contends that his signed confession should have been suppressed because the DEA agents (i) failed to accord him Miranda warnings, either in Spanish or in English, (ii) threatened him with deportation, (iii) declined his request to consult counsel, and (iv) recruited Valera to cajole him into confessing. Findings of fact made in relation to a motion to suppress are reviewed only for clear error. United States v. Rosario-Diaz, 202 F.3d 54, 68 (1st Cir. 2000). We discern no error.

The district court was presented with conflicting testimony regarding each of these occurrences. Moreover, as the primary arbiter of witness credibility, the district court acted well within its prerogative in discrediting the version of the relevant events posited by Reynoso. See United States v. Laine, 270 F.3d 71, 75 (1st Cir. 2001); see also United States v. Abou-Saada, 785 F.2d 1, 10 (1st Cir. 1986) (discerning no clear error in finding that defendant had understood Miranda warnings, even though defendant later was afforded a translator at trial).

**C.    The Expert Testimony**

At the time of the arrest, the DEA agents seized 110 grams of cocaine from Reynoso's automobile, which was parked near Valera's store. During trial, Reynoso maintained that so "small" an amount of cocaine plainly was intended exclusively for personal

use, rather than distribution. Reynoso now challenges the admission into evidence of the expert testimony of DEA Agent Kathleen Kelleher — that the quantity of cocaine seized from Reynoso's car was too large to have been exclusively for his personal use — given that Agent Kelleher concededly had no personal experience with cocaine users, as distinguished from cocaine distributors. We discern no abuse of discretion. United States v. Diaz, 300 F.3d 66, 74 (1st Cir. 2002).

Due to her DEA experience, Agent Kelleher was competent to testify to the relative raw-weight distinctions in the drug quantities typically possessed by users as distinguished from dealers. See, e.g., United States v. Valle, 72 F.3d 210, 214-15 (1st Cir. 1995); United States v. Muldrow, 19 F.3d 1332, 1338 (10th Cir. 1994). Furthermore, as Reynoso was charged with distributing 500 or more grams of cocaine, and the government's evidence connected him to the kilogram of cocaine seized at Valera's store, infra, the conviction would stand even absent evidence that Reynoso intended to distribute the 110 grams. Consequently, any error in allowing Kelleher's testimony into evidence would have been harmless. See Fed. R. Evid. 103(a).

## D.  **The Sufficiency of the Evidence**

Next, Reynoso contends that the government adduced no creditable evidence that he supplied the kilogram of cocaine found in Valera's store. We review de novo all the evidence, as well as

all credibility determinations, in the light most favorable to the verdict to determine whether a rational jury could have found the defendant guilty beyond a reasonable doubt. United States v. Morillo, 158 F.3d 18, 22 (1st Cir. 1998).

Altogether aside from Reynoso's confession, Valera explicitly testified that Reynoso supplied the kilogram of cocaine seized at the store. Plainly, the mere fact that Valera cooperated with the government, in return for a more lenient sentence, did not render his testimony unreliable, per se. Moreover, the jury was fully apprised of the plea agreement Valera entered into with the government. See United States v. Hernandez, 109 F.3d 13, 15 (1st Cir. 1997). Although Reynoso points out that the DEA task force did not see him deliver cocaine, notwithstanding its six-month surveillance of the Valera store, Valera's testimony was fully creditable absent further corroboration, see id., and Reynoso plainly — and prudently — may have made these deliveries surreptitiously.

Similarly, Reynoso contends that there was insufficient evidence that he intended to distribute the 110 grams of cocaine seized from his car. The jury heard the expert testimony given by Agent Kelleher, supra, as well as evidence that Reynoso supplied Valera with other cocaine plainly intended for distribution. In contrast, Reynoso presented the implausible defense that he needed

to have as much as 110 grams on hand because his supplier was away on a six-week vacation.

**E.    The Obstruction of Justice Enhancement**

Reynoso maintains that the district court erred in imposing a two-level "obstruction of justice" enhancement under U.S.S.G. § 3C1.1, given that the government failed to establish that he perjured himself in testifying that he received no Miranda warnings and that he had intended the 110 grams of cocaine exclusively for his own use, whereas that testimony could have resulted simply from poor memory or the shock and confusion incident to his arrest. Questions of law concerning interpretations of the Sentencing Guidelines are reviewed de novo, and the factual conclusions of the sentencing court, which must be supported by a preponderance of the evidence, are reviewed for clear error. United States v. Damon, 127 F.3d 139, 141 (1st Cir. 1997).

Although false testimony caused by mistake, confusion or poor memory is not perjurious, see United States v. D'Andrea, 107 F.3d 949, 958 (1st Cir. 1997), Miranda warnings were read to Reynoso on two separate occasions following his arrest, both in English and in Spanish. Similarly, at best the contention that Reynoso intended the 110 grams of cocaine exclusively for personal use was implausible, directly contradicted by Agent Kelleher, and inconsistent with Reynoso's pretrial statement that he had never

used cocaine.  Moreover, the district court is the primary arbiter of witness credibility under U.S.S.G. § 3C1.1, see United States v. McKeeve, 131 F.3d 1, 15 (1st Cir. 1997), and we discern no clear error in its determination.

**F.      The Denial of the Motion to Depart Downward**

Lastly, Reynoso maintains that the district court erred in denying a downward departure notwithstanding the fact that, as a deportable alien, he would not have the benefit of various ameliorative programs, such as a halfway house and a work release program, which would be available to comparable non-alien prisoners; hence, his conditions of imprisonment would be rendered more severe.  Absent any evidence that the district court erroneously believed that it lacked the discretionary power to depart downward in these alleged factual circumstances, see United States v. Farouil, 124 F.3d 838, 847 (7th Cir. 1997) (noting that departure might be warranted in cases where "[defendant's] status as a deportable alien has resulted in unusual or exceptional hardship in his conditions of confinement") (emphasis added), we have no jurisdiction to review its decision not to depart.  See United States v. Lujan, 324 F.3d 27, 31 (1st Cir. 2003); see also United States v. Sachdev, 279 F.3d 25, 28 (1st Cir. 2002) ("Defendant bears the burden of proof by the preponderance of the evidence of showing eligibility for a Guidelines departure.").

**Affirmed**.